IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NORTH AMERICAN ELITE INSURANCE :
COMPANY as subrogee of 1212 :
CORPORATION, INC. :
:
Plaintiff :
:
v. : C.A. No.
:
MOORWAY PAINTING MANAGEMENT : JURY TRIAL DEMANDED
CONTRACTING CO. INC., MOORWAY :
CONSTRUCTION SERVICES, INC., and :
RAHIM EL t/a MOORWAY PAINTING :
AND CONTRACTING COMPANY and/or t/a :
MOORWAY CONSTRUCTION SERVICES :
:
Defendants :
:

## COMPLAINT

Plaintiff, North American Elite Insurance Company, as subrogee of 1212 Corporation, Inc., by its counsel, Cozen O'Connor, hereby demands judgment against defendants Moorway Painting Management and Contracting Co., Inc., Moorway Construction Services, Inc. and Rahim El t/a Moorway Painting and Contracting Company and/or t/a Moorway Construction Services, and complains against the defendants as follows:

### THE PARTIES

1. Plaintiff, North American Elite Insurance Company (hereinafter "North American") is a corporation duly organized and existing under the laws of the State of New Hampshire, and having its principal place of business located in New Hampshire.

2. Prior to and/or on or about May 3, 2005, plaintiff North American, under North American's insurance policy No. CWB0002292-02, issued in the name of 1212 Corporation, Inc. (hereinafter referred to as "1212 Corporation"), insured a building, (hereinafter after referred to

as "the premises") owned by 1212 Corporation and situated at 2700 Washington Street, Wilmington, Delaware.

3. Defendant Moorway Painting Management Contracting Co. Inc. (hereinafter referred to as "Moorway Painting") is a corporation duly organized and existing under the laws of the State of Delaware, and having its principal place of business located in Delaware.

4. Defendant Moorway Painting is and was at all times material hereto engaged, inter alia, in the business of building restoration and building construction work.

5. Defendant Moorway Construction Services, Inc. (hereinafter referred to "Moorway Construction") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Delaware.

6. Defendant Moorway Construction is and was at all times material hereto, engaged, inter alia, in the business of building construction and building restoration work.

7. Defendant Rahim El is an individual, and resident and citizen of the State of Delaware.

8. At all times herein, defendant Rahim El traded as and/or was the principal of the businesses known as Moorway Painting Management Contracting Co. Inc. and/or Moorway Construction Services, and was engaged, inter alia, in the business of building construction and building restoration work.

9. At all times herein, defendants Moorway Painting, Moorway Construction and Rahim El (hereinafter collectively referred to as "Moorway") were engaged by 1212 Corporation to act as, and did act as, the general contractor and construction manager with respect to the renovation and/or restoration of the aforesaid premises.

## JURISDICTION AND VENUE

10. This action concerns a property damage subrogation claim resulting from a fire which occurred at the aforesaid premises on May 3, 2005. The amount in controversy in this action exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

11. This Court has original jurisdiction over this civil action under 28 U.S.C. §1332. Venue is proper in this district pursuant to 28 U.S.C. 1391(1), as the claims set forth herein arise from incidents which took place in Wilmington, Delaware.

## GENERAL ALLEGATIONS

12. Prior to and on or about May 3, 2005, defendants Moorway, acting in their capacities as builders, contractors, general contractors and construction managers, performed work, by and through their duly authorized agents, servants, employees and/or subcontractors, on behalf of 1212 Corporation, at and/or within the aforesaid premises, including roofing work.

13. In performing the aforesaid roofing work referred to paragraph 12 hereof, defendant Moorway, by themselves and/or through their agents, servants, employees and/or subcontractors, performed and/or permitted to be performed inherently dangerous roofing work which involved the use of a torch.

14. On or about May 3, 2005, a fire which was ignited by the aforesaid use of a torch to perform roofing work, originated and occurred at and within the aforesaid premises.

15. The aforesaid fire caused substantial damage and destruction to the aforesaid premises, together with the interruption of the use of the premises, thereby resulting in damages, necessary repairs, and/or other losses in excess of $150,000.

16. Following the aforesaid May 3, 2005 fire loss referred to paragraph Nos. 14 and 15 hereof, the aforesaid 1212 Corporation submitted to North American a valid claim for payment for the resultant repairs, damages and losses, under North American's aforesaid insurance policy, and North American then made insurance payments to 1212 Corporation in excess of $150,000 for the aforesaid property damages and other losses.

17. By reason of North American having made the aforesaid payments referred to in paragraph No. 16 above, Plaintiff North American is subrogated to, and entitled to assert all of its insured's rights of recovery and/or causes of action against the defendants herein.

## COUNT I
## NEGLIGENCE

18. Plaintiff incorporates herein by reference the allegations set forth in paragraph nos. 1 through 17 as fully as though the same were set forth herein at length.

19. Defendants owed a duty to the 1212 Corporation to use care and skill commensurate with performing the aforesaid work, including the general contracting, construction management and roofing work, at and within the aforesaid premises.

20. Defendants knew and/or should have known that the aforesaid general contracting, construction management and roofing work involved inherently dangerous work being performed with a torch.

21. Defendants breached their aforesaid duty of care owed to 1212 Corporation in:

a. failing to use, or to have others use, minimal, basic safety procedures and precautions in performing roofing work with a torch;

b. failing to carefully supervise and manage the aforesaid roofing work with a torch;

c. undertaking to perform, and/or permitting the performance of inherently dangerous roofing work with a torch, without the necessary safety procedures and supervision;

    d.    failing to comply with applicable safety codes, regulations and practices;

    e.    failing to hire competent employees and/or subcontractors to perform inherently dangerous roofing work;

    f.    permitting roofing torch work to be performed without the necessary safety precautions; and

    g.    otherwise failing to use due care under the circumstances.

22.    The Defendants' aforesaid conduct referred to in paragraph 21 hereof was the direct and proximate cause of the aforesaid incident and damages referred to in paragraph Nos. 1 through 17 hereof.

23.    The Defendants are liable to North American's aforesaid insureds, and thus to North American for their aforesaid negligent acts and omissions as set forth above.

WHEREFORE, plaintiff North American Elite Insurance Company, as subrogee of 1212 Corporation, Inc., demands judgment against Defendant Moorway Painting Management and Contracting Co., Inc., Moorway Construction Services, Inc. and Rahim El t/a Moorway Painting and Contracting Company and/or t/a Moorway Construction Services in an amount in excess of $150,000, together with interests and costs of this action.

### COUNT II
### BREACH OF CONTRACT

24.    Plaintiff incorporates herein by reference the allegations set forth in paragraph nos. 1 through 23 as fully as though the same were set forth at length.

25.    Defendants had a contractual obligation to perform their aforesaid work in a safe and careful manner.

26.    Defendants breached their aforesaid contractual obligations to the plaintiff's insureds by reason of the conduct referred to paragraph No. 21 hereof.

27. The incident and damages referred to in paragraph Nos. 1 through 17 were caused by the aforesaid breach of contractual obligations on the part of the defendants.

WHEREFORE, plaintiff North American Elite Insurance Company, as subrogee of 1212 Corporation, Inc., demands judgment against Defendant Moorway Painting Management Contracting Co. Inc., Moorway Construction Services, Inc. and Rahim El t/a Moorway Painting and Contracting Company and/or t/a Moorway Construction Services in an amount in excess of $150,000, together with interests and costs of this action.

Dated: May 1, 2008

_____
Sean J. Bellew (#4072)
COZEN O'CONNOR
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
Email: sbellew@cozen.com

*Of Counsel:*
Gerard F. Belz, Jr., Esquire
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013
Email: gbelz@cozen.com

JS 44 (Rev 11 04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
North American Elite Insurance Company as subrogee of 1212 Corporation, Inc.

### DEFENDANTS
Moorway Painting Management Contracting Co, Inc., Moorway Construction Services, Inc. and Rahim El t/a Moorway Painting and Contracting Company and/or t/a Moorway Construction Services

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Hillsborough
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Sean J. Bellew, Cozen O'Connor, 1201 N. Market Street, Suite 1400, Wilmington, DE 19801
(302) 295-2000

ATTORNEYS (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury-- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury-- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332

Brief description of cause:
Subrogation claim

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $150,000
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASES(S) IF ANY
(See instructions).
JUDGE _____
DOCKET NUMBER _____

DATE
May 1, 2008

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT# _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 08-256

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

5/1/08
(Date forms issued)

(Signature of Party or their Representative)

Kevin Reinbold
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action